Entered on Docket
May 03, 2007
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

H. Keith Henson
P.O. Box 12441
Prescott, Arizona 86304
Telephone: (928) 445-4412
hkhenson@rogers.com

Pro Se

The following constitutes the
Order of the Court. Signed _____ 200_

*Not signed.*

HON. ARTHUR S. WEISSBRODT
United States Bankruptcy Judge

ASW
5/1/07

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| In re: | CASE NO.: 98-51326 ASW-7 |
| KEITH HENSON, Debtor | ADV.NO.035136 |
| HILLARY DEZOTELL, KEN HODEN, and BRUCE WAGONER, | (PROPOSED) ORDER TO UNSEAL AND TRANSCRIBE INFORMALLY SEALED PARTS OF HEM014371 TRIAL RECORD. |
| Plaintiffs, | |
| vs. | |
| H. KEITH HENSON | |
| Defendant. | |

*Written Opposition filed (copy enclosed herewith).*

Good cause appearing based on the underlying motion IT IS HEREBY ORDERED that the parts of the court record for case **HEM014371** informally sealed by Judge Wallerstein be unsealed and transcribed by court reporter Amanda Fagan. An electronic or paper copy will be provided by Ms. Fagan directly to this court.

Defendant H. Keith Henson is to bear the cost of transcribing.

***END OF ORDER***

1

DAVID J. COOK, ESQ. (State Bar # 060859)
ROBERT J. PERKISS, ESQ (State Bar # 62386)
DEBRA D. LEW, ESQ. (State Bar # 114537)
COOK, PERKISS & LEW
A PROFESSIONAL LAW CORPORATION
333 Pine Street, Suite 300
San Francisco, CA 94104-3381
Mailing Address: P.O. Box 270
San Francisco, CA 94104-0270
Tel: (415) 989-4730   Fax: (415) 989-0491
File No. 45.658

Attorneys for Creditors
HILARY DEZOTELL, KEN HODEN,
AND BRUCE WAGONER

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re:<br><br>KEITH HENSON,<br><br>Debtor.<br>_____<br>HILARY DEZOTELL, an individual;<br>KEN HODEN, an individual; and<br>BRUCE WAGONER, an individual.<br><br>Plaintiffs,<br><br>vs.<br><br>H. KEITH HENSON, an individual.<br>Debtor.<br><br>Defendant.<br>_____ | CASE NO. 98-51326 ASW-7<br><br>ADV. NO. 035136<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO:<br><br>EX PARTE MOTION FOR ORDER TO UNSEAL AND TRANSCRIBE INFORMALLY SEALED PARTS OF HEM014371 TRIAL RECORD<br><br>Date: TO BE SET<br>Time: TO BE SET<br>Courtroom: 3099<br>Judge: Arthur A. Weissbrodt |

## I. INTRODUCTION.

Plaintiffs brought this action to exempt their judgment indebtedness from the discharge under Bkrtcy.C. § 523(a)(6). Rather than litigating the issues related to Plaintiffs' claim, Debtor/Defendant H. Keith HENSON ("HENSON") has consistently endeavored to turn this adversary proceeding into a forum for his conspiracy theories and to use this Court as a tool for destroying the reputations and work of the jurists and District Attorneys of Riverside County.

In pursuit of these goals, HENSON has propounded improper interrogatories to a whole host of non-parties, including judges, District Attorneys, and others, which this Court had to quash. He has also told the Court repeatedly about a litany of abuses that he believes occurred in his criminal case. He has even asked the Court previously to unseal the record of his criminal case in order to facilitate his efforts. In each and every instance, this Court has told HENSON that it has no authority to do what HENSON asks and that HENSON cannot collaterally attack the judgments against him without a showing of extrinsic fraud.

Now HENSON files still another ex parte motion that has no showing whatever of any exigent circumstance as required by the rules of this Court for shortening time on a motion. The specific relief that HENSON asks is that "this court approve the attached order to unseal the record of case HEM014371 and to direct Amanda M. Fagan to transcribe the parts of the record of case HEM014371 heretofor [sic] informally sealed by the late Judge Wallerstein."[1] (Motion at 6.) HENSON sought identical relief in an "Ex Parte Motion to ... Order to Unseal and Transcribe Record," filed on August 23, 2005 (Docket # 43.)

The relief HENSON seeks is impossible for a whole host of reasons. First, this Court has already told HENSON that it lacks authority to issue such an order. Second, HENSON's only support for his requests is his own hearsay rendition of conversations that he claims took place, but which are not admissible as proof of anything. And third, on a much more fundamental level,

---

[1] Plaintiffs note that the Exhibits and proposed Order referenced by HENSON were not served on their attorney. (Declaration of David J. Cook.) They should therefore be disregarded if HENSON filed them with the Court with the exception of HENSON's Exhibit A, which Plaintiffs were able to locate in the criminal case files.

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO: EX PARTE MOTION FOR ORDER TO UNSEAL AND TRANSCRIBE INFORMALLY SEALED PARTS OF HEM014371 TRIAL RECORD
CASE NO. 98-51326 ASW-7/ADV. NO. 035136

1

the motions in limine were never sealed – in fact, Plaintiffs have and attach hereto the very part of the allegedly sealed proceedings that HENSON specifically references.

Plaintiffs therefore ask that the Court deny HENSON's latest frivolous motion and admonish him that he must cease burdening the resources of the Court and of Plaintiffs with his speculation, innuendo, hearsay, and other inadmissible, irrelevant matters that have nothing to do with this case.

## II. ARGUMENT.

### A. HENSON Presents No Facts Upon Which This Court Has Any Authority to Act

HENSON has desperately been attempting to attack his criminal conviction ever since it was entered by the Riverside Superior Court. He has burdened this Court and Plaintiffs repeatedly with his repeated requests in support of that endeavor. To that end, he now requests – again – that this Court order portions of his criminal trial unsealed and makes the same arguments as previously in support of his request.[2] However, on a basic level, he offers no proof that such sealed portions exist other than Exhibit A – a declaration he filed in the appeal in the criminal case in 2001 – providing his hearsay rendition of an alleged conversation with a court reporter. That description, were it admissible, in no way suggests – other than HENSON's unsupported conclusion – that the court sealed the proceedings. Instead, it appears to stand for no more than the proposition that the court did not need a copy of a portion of the proceedings and so did not have that portion transcribed.

HENSON's conspiracy theories have no bearing on anything before this Court. Plaintiffs therefore will not respond to each and every paranoid allegation by HENSON, but will provide facts as to a few to show how invented and irresponsible they are.

First, this Court told HENSON on September 6, 2005 that it had no authority to issue such

---

[2] On August 31, 2005, Plaintiff Bruce Wagoner submitted a Declaration in Support of Motion for Protective Order to Preclude Service of Interrogatories Upon Nonparties and Precluding Inquiring Into Certain Matters and in Opposition to Ex Parte Motion to Add Parties (Docket # 44). In that Declaration, Mr. Wagoner responded to various of the allegations that HENSON repeats here and provided a chart (¶ 9) showing that he had made the same allegations in the criminal proceedings.

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO: EX PARTE MOTION FOR ORDER TO UNSEAL AND TRANSCRIBE INFORMALLY SEALED PARTS OF HEM014371 TRIAL RECORD
CASE NO. 98-51326 ASW-7/ADV. NO. 035136

2

an order:

> The debtor's request that the Court order that the record from his criminal case be unsealed is also denied. The debtor has cited no authority that would allow this Court to issue such an order, nor has the Court in its very limited research on the subject found any such authority.

(Cook Decl. Ex. A.) Second, HENSON's notion that the Riverside court's hearing on the motions in limine were "informally sealed" is simply false. Plaintiffs provide here as Exhibit 1 to the Declaration of Elliot Abelson a copy of that portion of the Motion in Limine hearing that HENSON references – the portion in which the testimony of Frank Oliver was excluded – transcribed by the same reporter, Amanda Fagan, who HENSON claims did not transcribe the hearing. *See* Exhibit A to Motion. As can be seen from a review of those pages, the parties, including HENSON's attorney submitted papers, the court heard argument from HENSON's attorney, James Harr, and from the District Attorney, and issued a ruling excluding this witness based on the applicability of California Evidence Code § 352. With respect to the voir dire, the transcript simply reflects that it was not transcribed. (Abelson Dec. Ex. 2.)

The conduct of the criminal trial and the performance by any of the parties, whether judge, jury, lawyers, or court reporter are classically intrinsic to the process and outside the scope of any conceivable collateral attack. It would be difficult to imagine a matter that qualifies as more *intrinsic* to the criminal proceedings, and less susceptible to collateral attack, than this evidentiary ruling by a state court judge or his conduct of voir dire in a state court trial. Furthermore, HENSON's allegation that Frank Oliver's exhibits were admitted, but somehow the record does not reflect that fact flies in the face of Oliver's exclusion as a witness. In order for his exhibits to have been admitted, he would have had to authenticate them, and he could not have done so because he was excluded from testifying. That his declaration was not admitted is also not surprising, considering that a declaration is hearsay.

In addition, HENSON filed a motion to unseal these portions of the transcript in his appeal from his criminal conviction. However, that appeal was dismissed because he was a fugitive. (Abelson Dec.)

1       Another HENSON conspiracy theory is his allegation that someone was attempting to
2 prevent him from learning about his arraignment. However, he admits he attended the
3 arraignment, so that claim is irrelevant to anything seven years later. Beyond that, however,
4 HENSON also admits that in a hearing in this Court on September 13, 2000 – two days prior to his
5 arraignment – Religious Technology Center filed a docket sheet showing that criminal charges
6 had been filed against HENSON in Riverside, California. If someone were attempting to prevent
7 HENSON from learning of the date of his arraignment, then surely there would not have been a
8 notation of the arraignment on a docket sheet contained in a public record in Riverside and that
9 same docket sheet would never have been filed in this bankruptcy case where HENSON is a party.

### B. This Court Has No Authority to Reconsider What the State Court Did or to Order the State Courts to Unseal Transcripts

      Plaintiffs unfortunately are obliged to repeat what they have argued many times before. Collateral estoppel forecloses this court from readjudicating the disposition in the state court setting, and this court cannot sit as a "super court of appeal" to relitigate, reconsider, alter, or change, a state court judgment, whether criminal or civil, valid on its face. *Grogran v. Garner*, 498 U.S. 279, 285 n.11-286 (1991); *In re Bugna*, 33 F. 3d 1054, 1059 (9th Cir. 1994). HENSON has now spent years in attempting to retry all of his grievances, which this Court rejected on September 6, 2005 and should continue to reject.

      The bottom line is that collateral estoppel precludes HENSON from any substantive challenge. Years down the road, having been given every opportunity to show extrinsic fraud, he still presents no admissible evidence that it occurred.[3]

      Furthermore, lower federal courts do not have jurisdiction to review actions taken by a state court. *See, Mothershed v. Justices of the Supreme Court*, 410 F.3d 602, 607-608 (9th Cir. 2005)(rejecting on the ground of lack of subject matter jurisdiction plaintiff's particularized

---

[3] Extrinsic fraud has always been classically defined as an intervening act precluding the party from participating in the proceeding, as opposed to the conduct of the proceeding, such as the testimony of the parties, presentation of evidence, documents, rulings by the court, conduct by court officials, or the like. See *Kachig v. Boothe* (1971) [22 Cal.App.3d 626]

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO: EX PARTE MOTION FOR ORDER TO UNSEAL AND TRANSCRIBE INFORMALLY SEALED PARTS OF HEM014371 TRIAL RECORD
CASE NO. 98-51326 ASW-7/ADV. NO. 035136      4

challenge to state disciplinary proceedings on basis that he did not receive a summons and that the court violated its rules); *In re Wilson Revocable Trust*, 22 Fed.Appx. 931, 2002 WL 5718. *1 (9th Cir. 2002)(affirming dismissal of action "[b]ecause federal courts do not have jurisdiction to review state court decisions").

### III. THIS COURT DOES NOT SERVE AS A SURROGATE COURT OF APPEAL.

HENSON's arguments all focus around the conduct of the criminal trial, a matter now long laid to rest, and a matter which might have been resolved through a direct appeal, which ultimately HENSON forfeited due to his fugitive status. HENSON cannot foist on this court an obligation to resolve spurious claims arising out of the criminal trial when such claims, no matter how absurd, ridiculous or meritless, would have been heard by the appellate courts. HENSON's request of "unsealing" serves as another attempt to have this court become a vibrant participant in his continuing efforts to vacate the criminal judgment, a matter outside this court's jurisdiction and certainly outside any viable claim which HENSON could assert in these proceedings, all of which he asserts in an effort to defeat the collateral estoppel effect of the criminal and civil proceedings.

### IV. CONCLUSION.

It is bad enough that HENSON repeatedly levels scurrilous allegations against Plaintiffs and any other person or entity affiliated with the Scientology religion. He has also gone a step further and is attacking the integrity of the jurists and officers of the court that comprise the criminal justice system of Riverside County. This Court should once again reject his attempt to render the Court an accomplice to his attacks.

DATED: April 11, 2007        COOK, PERKISS & LEW, P.L.C.

By: /s/ David J. Cook, Esq.
DAVID J. COOK, ESQ. (SB# 060859)
Attorneys for Creditors HILARY DEZOTELL,
KEN HODEN, AND BRUCE WAGONER